FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JAN 12  PM 3: 38

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

GABRIEL VAUGHN,                )
                               )
        Plaintiff,             )
                               )
v.                             ) CV 605-112
                               )
TIMOTHY WARD, Warden, et al.,  )
                               )
        Defendants.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at Rogers State Prison in Reidsville, Georgia, commenced the above-captioned case under Title 42, United States Code, Section 1983. The matter is now before the Court on plaintiff's motions for injunctive relief. Docs. 2, 9, 10. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that plaintiff's motions be **DENIED**.

### I. BACKGROUND

Plaintiff claims to be "suffering with ongoing symptoms that are progressing and are known to be related to those in the field of disease." Compl. at 9. His symptoms are "1. clear, water-like fluid in semen, 2. severe spinal discomfort, 3. severe daily nausea, 4. stiff-[neck], 5. daily migraine headaches, 6. sharp shooting pains in limbs, 7. numbness and tingling in limbs and neck, 8. loss of muscle mass, [and] small hard bumps (permanent)

appearing on body in several locations." Compl. at 9. He worries that he may become infertile as a result of his medical condition. Compl. at 10.

Plaintiff apparently visited defendant Saad, a doctor at Rogers State Prison, on May 13, 2005. He complains that Dr. Saad did not refer him to a urologist or a neurologist for his condition. Plaintiff does not reveal what diagnosis, if any, Dr. Saad made during the visit. Compl. at 12. In his motions for injunctive relief, plaintiff urges the Court to order that he be sent to a urologist and a neurologist for medical treatment and that he not be required to perform any work at the prison.

## II. DISCUSSION

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

In this case, plaintiff cannot show a substantial likelihood that he would prevail on the merits or a substantial threat that he will suffer irreparable injury if the injunction is not granted. The Eighth Amendment prohibits prison officials from inflicting cruel and unusual

punishment on prisoners. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). The Supreme Court has held that Eighth Amendment claims have both an objective and a subjective component: (1) the prisoner must allege a deprivation that is "sufficiently serious" to implicate constitutional concerns and (2) the prisoner must demonstrate that the prison official had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)). "Deliberate indifference," the requisite state of mind for all Eighth Amendment claims except excessive force, requires proof that the defendant disregarded a risk of harm of which he knew. Farmer, 511 U.S. at 829, 837 (rejecting objective test and adopting subjective one).

Because a prisoner is unable to care for his medical needs as a result of his incarceration, the Eighth Amendment requires prison authorities to provide medical care for those they incarcerate. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Based on this rudimentary principle, the Supreme Court concluded that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 105. The Court noted that an official's indifference could be manifested by a "prison doctor['s] . . . [inappropriate] response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. The Court was careful to caution, however, that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. For example, "an inadvertent failure to provide adequate medical care" does not violate a prisoner's rights. Id. at 105.

In order to succeed in a medical indifference claim, a plaintiff must satisfy both objective and a subjective components of the deliberate indifference standard. Hill v. Dekalb

Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). To satisfy the objective component, a plaintiff must show that his medical need is serious, or that the need "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the need for a doctor's attention." Id. at 1187. For the subjective component, a plaintiff must show that the defendant possessed "knowledge of the need for medical care" and displayed "the intentional refusal to provide that care." Id. at 1186.

With regard to the objective component, plaintiff, according to his complaint, has not been diagnosed with a condition mandating medical treatment, and there is no evidence that his symptoms are such that "even a lay person would easily recognize" that Dr. Saad should refer him to a urologist or a neurologist. Regarding the subjective component, plaintiff does not assert that Dr. Saad refused to provide medical treatment for a condition that he knew existed; he only claims that he should have been referred to a specialist for further diagnosis of his medical condition. Given these facts, it is far from certain that plaintiff would succeed on the merits in this case.

It is also not clear from plaintiff's complaint and motions that he will suffer irreparable harm if the relief sought–a referral to a specialist and a reprieve from prison work–is not granted. Plaintiff is most concerned about the "clear, water-like fluid" in his semen, which he says is a symptom of a condition that would render him infertile if not treated. Plaintiff does not suggest, and the Court will not guess, what medical condition could cause such infertility, nor does he suggest what might have caused such a medical condition. Vague references to plaintiff's semen symptoms and his other ailments, without more, are not enough to support his assertion that irreparable harm will result if he is not

4

referred to a specialist or excused from work. For these reasons, the Court finds a temporary injunction inappropriate in this case.

### III. CONCLUSION

As plaintiff has failed to show that there is either a substantial likelihood that he will prevail on the merits of his claim or that there is a substantial threat of irreparable injury, he cannot meet his burden of persuasion on all four requisites for injunctive relief. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief be **DENIED**.

SO REPORTED and RECOMMENDED this 12th day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5