ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2006 JAN 31  AM 8: 21

STATESBORO DIVISION

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| GABRIEL VAUGHN, | ) |
| Plaintiff, | ) |
| v. | ) CV 605-112 |
| TIMOTHY WARD, Warden, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has filed a complaint under Title 42, United States Code, Section 1983 and moved to proceed in forma pauperis ("IFP"). On October 31, 2005, the Court granted the motion to proceed IFP and on November 28, 2005, ordered plaintiff to submit a $24.00 filing fee. Plaintiff has filed a response to the Court's Order indicating that he is unable to pay the filing fee at this time. With the understanding that plaintiff will pay the $250.00 filing fee in full when funds become available to him, the Court will proceed to review his complaint under Title 28, United States Code, Section 1915A. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that plaintiff's complaint be **DISMISSED**.

### I. BACKGROUND

Plaintiff claims to be "suffering with ongoing symptoms that are progressing and are known to be related to those in the field of disease." Compl. at 9. His symptoms are "1.

clear, water-like fluid in semen, 2. severe spinal discomfort, 3. severe daily nausea, 4. stiff-[neck], 5. daily migraine headaches, 6. sharp shooting pains in limbs, 7. numbness and tingling in limbs and neck, 8. loss of muscle mass, [and] small hard bumps (permanent) appearing on body in several locations." Compl. at 9. He worries that he may become infertile as a result of his medical condition. Compl. at 10.

Plaintiff visited defendant Saad, a doctor at Rogers State Prison, on May 13, 2005, and on July 12, 2005. He complains that Dr. Saad did not refer him to a urologist or a neurologist for his condition. On July 12, Dr. Saad told plaintiff that his blood work indicated no physical problems and opined that there was nothing wrong with plaintiff. Compl. at 17.

## II. DISCUSSION

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). The Supreme Court has held that Eighth Amendment claims have both an objective and a subjective component: (1) the prisoner must allege a deprivation that is "sufficiently serious" to implicate constitutional concerns and (2) the prisoner must demonstrate that the prison official had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)). "Deliberate indifference," the requisite state of mind for all Eighth Amendment claims except excessive force, requires proof that the defendant disregarded a risk of harm of which he knew. Farmer, 511 U.S. at 829, 837 (rejecting objective test and adopting subjective one).

Because a prisoner is unable to care for his medical needs as a result of his incarceration, the Eighth Amendment requires prison authorities to provide medical care for those they incarcerate. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Based on this rudimentary principle, the Supreme Court concluded that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 105. The Court noted that an official's indifference could be manifested by a "prison doctor['s] . . . [inappropriate] response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. The Court was careful to caution, however, that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. For example, "an inadvertent failure to provide adequate medical care" does not violate a prisoner's rights. Id. at 105.

In order to succeed in a medical indifference claim, a plaintiff must satisfy both objective and a subjective components of the deliberate indifference standard. Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). To satisfy the objective component, a plaintiff must show that his medical need is serious, or that the need "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the need for a doctor's attention." Id. at 1187. For the subjective component, a plaintiff must show that the defendant possessed "knowledge of the need for medical care" and displayed "the intentional refusal to provide that care." Id. at 1186.

With regard to the objective component, plaintiff, according to his complaint, has not been diagnosed with a condition mandating medical treatment, and there is no objective evidence that his symptoms would be such that "even a lay person would easily recognize"

3

that Dr. Saad should refer him to a urologist or a neurologist. Regarding the subjective component, plaintiff does not assert that Dr. Saad refused to provide medical treatment for a condition that he knew existed; he only claims that he should have been referred to a specialist for further diagnosis of his medical condition. Considering plaintiff's negative blood test and lack of any other objective indicia of a serious medical condition, Dr. Saad's refusal to refer plaintiff to another doctor was not unreasonable.

Plaintiff, according to his complaint, has been receiving medical treatment for the symptoms of which he complains. Dr. Saad's decision not to refer him to another physician does not rise to the level of a deliberate indifference to a serious medical need without some objective indicia that a serious medical need exists at all.

### III. CONCLUSION

For the foregoing reasons, plaintiff has failed to state a claim on which Section 1983 relief may be granted. Accordingly, the Court **REPORTS** and **RECOMMENDS** that plaintiff's complaint be **DISMISSED**.

SO REPORTED and RECOMMENDED this 31st day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE